U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

JUL 1 4 1997

NANCY DOHERTY, CLERK

By _____
Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

MARY T. DODEN,

      Plaintiff,

v.                                                                          No. 3:97-CV-1525-T

LOCKHEED MARTIN VOUGHT
SYSTEMS,
et al.,

      Defendants.

## ORDER DIRECTING THE CONVENING
## OF A LITIGATION PLANNING MEETING
## AND PREPARATION OF THE
## LITIGATION PLAN REPORT

The parties are directed to convene a litigation planning meeting, pursuant to Rule 26(f),

FED. R. CIV. P.

Plaintiff is responsible for arranging the meeting. <u>All parties or their representatives

must attend and participate in the meeting</u>.

The meeting shall be held no later than 14 days after the date this order is signed. Then,

no later than 10 days after the meeting, <u>Plaintiff shall file a written report with the Court,

outlining the parties' pretrial plan for this case</u>. (A suggested report format or checklist of

subjects for discussion at the meeting is provided by Form 35 in the Appendix of Forms, FED.

R. CIV. P.)

At the meeting, the parties shall discuss and attempt to agree upon schedules and deadline



dates for the following matters:

1.  The disclosures required by Rule 26(a);

2.  Joining parties;

3.  Amending pleadings;

4.  Submission to alternate dispute resolution;

5.  Filing potentially dispositive motions;

6.  Designation of expert witnesses for trial;

7.  All general and expert discovery;

8.  Exchange of pretrial materials;

9.  Preparation of a proposed pretrial order; and,

10. Filing objections to the pretrial materials and proposed pretrial order.

**The parties are cautioned that the Court expects that all but the most complex cases will have progressed through the above deadlines within 12 months after the litigation plan has been proposed to the Court.**

After consideration of the Litigation Plan Report, the Court will issue its pretrial scheduling order establishing deadlines for the above items and will also set the final pretrial conference and trial dates.

As the Court does not expect to modify its pretrial scheduling order except for extraordinary circumstances, the parties should fully set forth any justification they may feel they have for enlarging the pretrial preparation period. The busy schedule of a party or attorney will not be a sufficient reason to enlarge the period.

Also, the parties are encouraged to suggest to the Court anything which may shorten the

ORDER DIRECTING THE CONVENING OF A
LITIGATION PLANNING MEETING AND PREPARATION OF THE
LITIGATION PLAN REPORT                                    Page 2

pretrial period.

In addition to the above, the report must include:

(1)    The name of each party (and its lead attorney) who participated in the meeting (include address, telephone number and Texas bar number, if applicable);

(2)    The name of any party who has appeared but failed to attend the meeting;

(3)    The name and type of party for any party who has not been served or who has not appeared;

(4)    A brief statement of the nature of the case, including the contentions of each of the parties;

(5)    Whether there are any pending motions--[1]
(provide title of motion, date filed, and by whom filed); and,

(6)    Whether a jury has been demanded.

Any differences between counsel as to the status of any of the above matters must be set forth in appropriate subparagraphs in the report.

Failure to timely submit the litigation planning report or to participate in the preparation of the report may result in imposition of sanctions, including dismissal or the striking of pleadings. *See* Rule 16(f), FED. R. CIV. P.

It is so **ORDERED.**

---

[1] In cases transferred or removed to this court, often pending motions filed before the transfer or removal are not brought forward. If any motion listed as pending in the planning report has not been brought forward, the Court will inform the parties of that fact and will deny the motion without prejudice. Then, if the movant desires a ruling on the merits of the motion, it must be refiled.

ORDER DIRECTING THE CONVENING OF A
LITIGATION PLANNING MEETING AND PREPARATION OF THE
LITIGATION PLAN REPORT                                                      Page 3

Signed:  July 14, 1997.

_____
Robert B. Maloney
Presiding Judge

[07/14/97-03]

ORDER DIRECTING THE CONVENING OF A
LITIGATION PLANNING MEETING AND PREPARATION OF THE
LITIGATION PLAN REPORT                                                Page 4